Michael Edward JORDAN,
Plaintiff—Appellant,

v.

SMITH; Pappenfus; Davis,
Defendants—Appellees.

No. 02–16152.
D.C. No. CV–00–05728–DLB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2004.

Decided Feb. 19, 2004.

* This disposition is not appropriate for publica-

Wallace, Circuit Judge, filed opinion dissenting in part.

Alexander M. Lyon, Warrington S. Parker, III, Heller, Ehrman, White & McAuliffe LLP, San Francisco, CA, Michael Edward Jordan, Lakeport, CA, for Plaintiff–Appellee.

Michael G. Lee, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellants.

Before WALLACE, NOONAN, and McKEOWN, Circuit Judges.

MEMORANDUM *

Michael Edward Jordan appeals the grant of summary judgment by the district

tion and may not be cited to or by the courts

court in favor of defendants Hobart Smith and John H. Pappenfus. Is there a material fact in dispute?

Undisputed is that Jordan was a prisoner at Avenal State Prison (ASP) from October 6, 1998 to December 15, 1999. Dr. Smith on October 14, 1998 diagnosed him as suffering from rheumatoid arthritis and in need of "PT" (physical therapy). At various times Smith prescribed medicine to control Jordan's pain. On Smith's recommendation, Jordan was referred on November 2, 1998 to Dr. Pappenfus, an internist at the prison. Pappenfus also prescribed pain medications. At some point in time Smith and Pappenfus instructed Jordan how to self-administer physical therapy. On May 28, 1999, on Pappenfus's recommendation, Jordan was seen by Dr. John Norris, a rheumatologist at California Men's Colony (CMC). According to Pappenfus' declaration, "The goal at the time that Jordan was housed at ASP was to have him in a facility where formal physical therapy could be instituted." CMC was such a facility. On July 6, 1999, Jordan became totally disabled. An attempt was made to transfer him to CMC but the transfer was administratively disapproved. Jordan was transferred to CMC on December 15, 1999.

Jordan's contention is that, aware of his serious and deteriorating condition, and by their own admission conscious of the need for formal physical therapy at CMC, the two doctors deliberately delayed his transfer with reckless disregard for his health and suffering. The two doctors put this claim in dispute by the evidence of the attention they did give him; by Smith's declaration that self-administered physical therapy was what he had in mind in his diagnosis of October 14, 1998; and by John Norris's declaration of August 17, 2001

after reviewing Jordan's medical files that the treatment he received at ASP "met the standard of care."

Considering the evidence as we must in the light most favorable to the non-moving party, it is apparent that a jury could conclude that formal physical therapy is significantly different from self-administered physical therapy; that the two doctors recognized the need to get Jordan to a prison where he could get formal physical therapy; and that with reckless disregard for his deteriorating condition did not recommend transfer until July 1999. Norris's conclusory statement as to the standard of care is challenged by the two defendants' own statements as to what Jordan needed. Jordan was not disputing Smith and Pappenfus's medical opinions; to the contrary, he was relying on them. Their prescriptions to prevent pain and swelling do not disprove Jordan's claim of reckless indifference to his principal problem. The evidence before the district court is sufficient to raise a material issue of fact, thus precluding summary judgment.

For the same reasons, there is sufficient disputed evidence to support the state claim of negligence. *See Lashley v. Koerber*, 26 Cal.2d 83, 156 P.2d 441, 444 (1945) (en banc) ("The expert testimony which establishes plaintiff's prima facie case in a malpractice action may be that of defendant.").

We have benefitted from the argument and briefing of pro bono counsel and the state.

The judgment of the district court is REVERSED, and the case is REMANDED.

WALLACE, Circuit Judge, dissenting, in part.

While I agree that Jordan established a genuine issue of material fact with respect

of this circuit except as provided by Ninth Circuit Rule 36–3.

to his state negligence claim, I find no support in the record for the majority's conclusion that Smith and Pappenfus violated Jordan's Eighth Amendment rights by deliberately subjecting him to "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

To establish an Eighth Amendment violation, Jordan must demonstrate that Smith and Pappenfus acted with *"deliberate indifference* to [his] serious medical needs" by treating him themselves rather than transferring him to CMC for formal physical therapy. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1977) (emphasis added); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (explaining that courts must "scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect"). Jordan has not shown that Smith and Pappenfus recognized that the treatments they administered (i.e., prescription medicine and self-administered physical therapy) would be insufficient to minimize his pain and prevent the debilitating swelling in his joints. Smith and Pappenfus may have recognized that Jordan would receive superior care at CMC, but this does not prove that their own care was "medically unacceptable under the circumstances," *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996), or that they acted "in reckless disregard for [Jordan's] deteriorating condition," as the majority suggests.

Because Jordan has not made a sufficient showing on these essential elements, I would affirm the district court's summary judgment with respect to his Eighth Amendment claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accordingly, I dissent.